UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JUNIOR JACKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 4:17-CV-34-CLC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

Federal inmate Junior Jacks has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Jacks' § 2255 motion will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 2015, while on supervised release for a prior federal drug-trafficking conviction, Jacks purchased methamphetamine on multiple occasions and personally redistributed at least 50 grams of methamphetamine to others (Doc. 42 in No. 4:15-CR-14). He pleaded guilty to conspiring to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (*id*.).

Jacks' stipulated drug quantity yielded a base offense level of 30 (Doc. 80 ¶ 25 in No. 4:15-CR-14). Because Jacks had two prior convictions for controlled substance offenses – a 2000

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

Tennessee conviction for possession of methamphetamine with intent to distribute, and a 2004 federal conviction for attempting to manufacture methamphetamine – he was deemed a career offender under United States Sentencing Guideline ("Guideline(s)") § 4B1.1, with a corresponding offense level of 37 (*id*. at ¶¶ 31, 58-59). After a three-level reduction for acceptance of responsibility, his total offense level was 34 (*id*. at ¶¶ 32-34). Given his criminal history category of VI, Jacks' Guideline range was 262 to 327 months' imprisonment (*id*. at ¶¶ 63, 93).

At sentencing, this Court granted the Government's motion for downward departure and sentenced Jacks to 204 months' imprisonment (Doc. 127 in No. 4:15-CR-14; Doc. 134 p. 6-7, 29-30 in No. 4:15-CR-14). The Sixth Circuit affirmed that judgment in August 2017 (Doc. 137 in No. 4:15-CR-14).

In the meantime, while his appeal was pending, Jacks filed the instant motion, contesting the propriety of his career-offender classification after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (Doc. 1). This Court ordered the United States to respond, and Respondent complied with the order by filing a response on March 13, 2019 (Doc. 6).

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

Jacks disputes his career-offender classification, contending that his prior Tennessee felony drug conviction is no longer a career-offender predicate after the Supreme Court's decision in *Mathis*, because the elements of the offense under the statute are allegedly broader than those constituting a controlled substance offense under the Guidelines.

As a preliminary matter, the Court notes that a challenge to the calculation of an advisory Guidelines range ordinarily cannot be reviewed under § 2255. *See, e.g.*, *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (noting because Guidelines are advisory, a Guidelines-based claim "does not raise an argument that [a petitioner] is ineligible for the sentence []he received").

Regardless, Jacks has not proven error in the calculation of his Guidelines range. To determine whether a prior conviction is a controlled substance offense under § 4B1.2, courts ordinarily apply a categorical approach, which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis*, 136 S. Ct. at 2248; *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of the statute of conviction are broader than those comprising the generic offense, then the conviction cannot qualify as a violent felony, regardless of the particular facts of the case. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

Where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *See, e.g.*, *Mathis*, 136 S. Ct. at 2249; *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). Applying the modified categorical approach in this case would require the Court to decide whether any of the alternatives match the federal definition of a controlled substance

offense, and, if so, consult a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction. *See id.*; *see also Shepard v. United States*, 125 S. Ct. 1254 (2005). In conducting its inquiry, the Court's concern is not "whether the elements of the [state statute] contain the same words as the Guidelines' definition [of a controlled substance offense]" but rather, "it is 'whether the elements of [the statute] are of the *type* that would justify its inclusion within the definition of a controlled-substance offense.'" *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014) (emphasis in original) (citation omitted).

The Guidelines define a controlled substance offense as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance. . . or the possession of a controlled substance. . . with intent to manufacture, import, export, distribute, or dispense." Guideline § 4B1.2(b). The Tennessee statute at issue states, in relevant part:

> (a) It is an offense for a defendant to knowingly:
> (1) Manufacture a controlled substance;
> (2) Deliver a controlled substance;
> (3) Sell a controlled substance; or
> (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

Tenn. Code Ann. § 39-17-417(a). The statute criminalizes four separate offenses and is thus divisible. *See United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018) (determining that Tenn. Code Ann. § 39-17-417(a) "constitutes a 'divisible statute'"). However, all of the alternatives listed in Tenn. Code Ann. § 39-17-417(a) fit within § 4B1.2(b)'s definition of a controlled substance offense. *See United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (holding, post-*Mathis*, that Tenn. Code Ann. § 39-17-417 is a categorical controlled substance offense); *Douglas*, 563 F. App'x at 377 (holding the Sixth Circuit has "always treated a violation of [Tenn. Code Ann.] § 39-17-417 as a categorical controlled substance offense").

4

Therefore, Jacks' prior conviction for possession with attempt to distribute, a violation of Tenn. Code Ann. § 39-17-417(a)(4), along with his prior federal drug-trafficking conviction, qualify him as a career offender. He is not entitled to § 2255 relief.

## IV.     CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Jacks must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.     CONCLUSION

For the reasons stated herein, Jacks has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An Order Will Enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**